UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NAIMAH JONES** : | |
| **1831 Carpenter Street** : | CIVIL ACTION |
| **Philadelphia, PA 19146** : | |
| : | NO.: |
| vs. : | |
| : | PLAINTIFF REQUESTS A TRIAL |
| **AMAZON** : | |
| **500 American Avenue** : | BY JURY |
| **King of Prussia, PA 19406** : | |

## COMPLAINT

**I.   PRELIMINARY STATEMENT:**

1. This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of Plaintiff, Naimah Jones. Plaintiff is a former employee of Defendant, Amazon, who has been harmed by the Defendant's discriminatory employment practices.

2. This action arises under the Americans with Disabilities Act ("ADA"), as codified, 42 U.S.C.S. § 12101 *et seq*, and Shick v. Shirey, 552 Pa. 590 (1998).

**II.   JURISDICTION AND VENUE**

3. The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. § 1391 as Plaintiff's claims are substantively based on the Americans with Disabilities Act and Shick v. Shirey, 552 Pa. 590 (1998). This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367. The claims raised under state and federal law constitute the same case and controversy.

4. All conditions precedent to the institution of this suit have been fulfilled, such as exhausted Administrative remedies and obtaining "Notice of Suit Rights" letters from the U.S. Equal Employment Opportunity Commission ("EEOC"). Plaintiff Jones has satisfied all jurisdictional prerequisites to the maintenance of this action.

### III. PARTIES

5. The Plaintiff herein is:

   Naimah Jones
   1831 Carpenter Street
   Philadelphia, PA 19146

6. The Defendant herein is:

   Amazon
   500 American Avenue
   King of Prussia, PA 19406

It is further averred that Plaintiff has worked for Defendant, which is a publicly traded company, with numerous locations, one of which is located at 500 American Avenue, King of Prussia, PA 19406.

### IV. ADDITIONAL UNDERLYING FACTS

7. The Defendant, upon information and belief, employed 50 or more persons when the unlawful conduct alleged in this Complaint occurred.

8. Plaintiff had been employed with Defendant, Amazon for five months.

9. Plaintiff was employed by Defendant as a stower at the time of her termination.

10. At all times relevant hereto, the Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of their employment, and under the direct control of the Defendant.

11. At all times material herein, Defendant is and has been a "person" and "employer" as defined under the ADA and is accordingly subject to the provisions of each Act.

## V. STATEMENT OF THE CLAIMS

12. Paragraphs 1 through 11 are incorporated by reference, as if set forth at length.

13. Plaintiff alleges that beginning on March 1, 2019, the Defendant, through its agents, servants, and employees, subjected her to discrimination violative of the ADA, and in retaliation ultimately terminated her on March 27, 2019, in violation of Shick v. Shirey, 552 Pa. 590 (1998). The facts in support of these allegation include, but are not limited to the following:

## VI. UNDERLYING FACTS

14. Plaintiff alleges that Defendant, through its agents, servants, and employees, subjected her to discrimination on the basis of her disability. Plaintiff further believes and avers that the Defendant terminated her employment in retaliatory fashion for her request to accommodate her disability and engaging in protected activity. These actions constitute violations of the Americans with Disabilities Act of 1990 ("ADA") and Shick v. Shirey, 552 Pa. 590 (1998).

15. Plaintiff began employment with Defendant, Amazon, in November 2018. Plaintiff worked as a stower, where she organized packages and placed them onto shelves.

16. On March 1, 2019, Plaintiff was within the course and scope of her employment, when she lifted a heavy package and sustained a work-related injury to her back.

17. Plaintiff immediately felt a "pull" in her back, and reported her injury to her supervisors Jane and Scharish who had her fill out an incident report.

18. Scharish sent Plaintiff to Worknet on Reed Street in Philadelphia, where Plaintiff was placed on light duty restrictions of no lifting over 10 lbs., limited pushing, pulling, lifting, squatting and bending.

19. Plaintiff returned to work and provided Jane with the doctor's outlining her light duty restrictions, which Defendant honored.

20. On March 27, 2019, Plaintiff reported to work and Scharish assigned her to work as a sorter, where the packages exceeded 10 lbs. Upon learning this, Plaintiff reminded Scharish of her light duty restrictions. However, Scharish told her that she would be responsible for the same workload as everybody else and ignored Plaintiff's restrictions.

21. Plaintiff attempted to work through her shift, but began having excruciating pain from lifting packages outside her restrictions.

22. She notified Abdul, area manager, that she was in too much pain and could not continue as a sorter.

23. Abdul told Plaintiff to speak with Scharish, and again Plaintiff approached Scharish and requested her light duty restrictions be honored. Scharish, again, refused to accommodate Plaintiff's light duty restrictions.

24. As a result of Defendant's failure to honor her restrictions, Plaintiff returned to work as a sorter for approximately half an hour, until she was physically unable to continue lifting the packages.

25. Plaintiff informed Scharish that if she was not going to be accommodated, she was going to go home because she was in too much pain to complete the rest of her shift.

26. Scharish then began to lecture Plaintiff about how she had accumulated "too many attendance points." Plaintiff asked what Scharish meant, and Scharish said Plaintiff had missed too many days at work.

27. Plaintiff responded to Scharish by informing her that any issues with her attendance had been rectified. Previously, Plaintiff had attendance issues in her record, but such issues had been a result of errors with her ID card and had since been corrected.

28. Scharish insisted that Plaintiff had "too many negative points" and terminated her at the end of this conversation.

29. Defendant neither provided Plaintiff with any ADA paperwork nor engaged in any discussions with Plaintiff regarding her work restrictions.

30. Upon information and belief, Defendant has a progressive termination policy. The same was not applied consistently in Plaintiff's case.

31. At all relevant times following the March 1, 2019 work injury, Defendant was aware of Plaintiff's injury and physician-imposed restrictions and was looking for any reason to terminate Plaintiff, regardless of the incident.

32. Plaintiff was terminated due to her request for accommodations and filing of a workers' compensation claim; the given reason was pretextual.

## COUNT I

### DISCRIMINATORY TREATMENT AND DISCHARGE-ARISING UNDER THE AMERICANS WITH DISABILITIES ACT OF 1990
### NAIMAH JONES V. AMAZON

33. Paragraphs 1-32 are incorporated herein as if set forth at length.

34. The Americans with Disabilities Act of 1990 prohibits discrimination on the basis of disability. Plaintiff alleges violations based on disability as set forth below;

35. Plaintiff began her employment with Amazon ("Defendant") as a full-time employee in November 2018.

36. During her employment with Defendant, Plaintiff performed her job functions in a dutiful and competent manner and at all times maintained at least a satisfactory performance level.

37. Plaintiff was injured within the course and scope of her employment on March 1, 2019.

38. Plaintiff was never given any ADA paperwork following her work-injury.

39. Plaintiff had never experienced any issues or received any discipline prior to the March 1, 2019 work-injury.

40. After Plaintiff was placed on light-duty by Defendant's physician following her March 1, 2019 work-injury, her requests for accommodations were ignored and she was forced to complete a full-duty job outside of her work restrictions starting on March 27, 2019.

41. Upon information and belief, Defendant had positions available that would accommodate Plaintiff's disability.

42. Plaintiff was terminated effective March 27, 2019.

43. Defendant never engaged in any interactive process to accommodate Plaintiff's disability.

44. Defendant informed Plaintiff that she would be terminated because she had accumulated "too many points."

45. Defendant resented Plaintiff's need for accommodations, and rather than engage in an interactive process, Defendant offered a clearly pre-textual reason for terminating her.

46. Defendant terminated Plaintiff because of her disability and violated the ADA by not engaging in an interactive process to determine what accommodations she would require and whether there were positions she could perform.

## COUNT II

## RETALIATION-DISCHARGE ARISING UNDER THE WORKERS' COMPENSATION ACT
## NAIMAH JONES V. AMAZON

47. Plaintiff incorporates paragraphs 1 through 46 as if set forth at length.

48. Defendant, through its agents, employees, and/or servants, was made aware of Plaintiff's medical condition and the work-related injuries sustained on March 1, 2019.

49. Plaintiff was wrongfully terminated/discharged due to Plaintiff's above-mentioned work injuries and her request for Workers' Compensation benefits.

50. Plaintiff's light duty restrictions were not honored, and she was terminated in retaliation for filing a workers' compensation claim.

51. Further, the reason given to Plaintiff as the basis for her termination was clearly pretext for retaliation.

52. Defendant's retaliatory conduct and actions, including but not limited to, terminating Plaintiff due to seeking Workers' Compensation benefits was taken in retaliation for Plaintiff asserting her legal rights in regard to the work injury on March 1, 2019.

53. The actions and/or conduct in terminating/firing Plaintiff for the injuries sustained at work and within coverage of the Workers' Compensation Act ("Act"), and/or for asserting her legal rights under the Act abridges a significant and recognized public policy as articulated in Shick v. Shirey, 552 Pa. 590 (1998).

**PRAYER FOR RELIEF**

54.     Plaintiff incorporates paragraphs 1 through 53 as is set forth at length.

**WHEREFORE**, Plaintiff requests that this court enter judgment in her favor against the Defendant, and order that: Defendant compensate Plaintiff with back pay, at a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination; Defendant compensate Plaintiff with an award of front pay, if appropriate; Defendant pay to Plaintiff punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable; Defendant pay to Plaintiff pre and post judgment interest, the costs of suit and attorney and expert witness fees as allowed by law; Defendant shall eliminate all unlawful discriminatory practices as well as remedy the discriminatory effect of past practices and procedures; and the Court shall award such other relief as if deemed just and proper, in law and/or equity, including injunctive relief if the Honorable Court deems said relief appropriate.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Respectfully submitted,

**POND LEHOCKY, LLP**

By. _____

Erica A. Shikunov
2005 Market Street
18th Floor
Philadelphia, PA 19103
P: 800-568-7500
F: 215-525-0811
E: eshikunov@pondlehocky.com